# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARLENE PRICE,

        Plaintiff,

  vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No.: 2:13-cv-01735-GMN-CWH

**ORDER**

Pending before the Court for consideration is the Motion to Remand (ECF No. 13) filed by Plaintiff Darlene Price ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 15) filed by Defendant Carolyn W. Colvin ("Defendant"). These motions were referred to the Honorable Carl W. Hoffman, Jr., United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). On February 5, 2015, Judge Hoffman entered the Report and Recommendation (ECF No. 20), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed her Objection to the Report and Recommendation (ECF No. 21) on February 19, 2015. Defendant filed her Response to the Objection (ECF No. 23) on April 6, 2015.

**I.**   **BACKGROUND**

Pursuant to Titles II and XVI of the Social Security Act, Plaintiff applied for disability insurance benefits and supplemental security income in February of 2010, alleging a period of disability beginning on August 10, 2008 due to the onset of fibromyalgia as well as ongoing depression. (Administrative Record ("A.R.") 144–51). Plaintiff's application was denied, and following a hearing on July 14, 2011, an Administrative Law Judge ("ALJ") issued a decision on

October 26, 2011 denying Plaintiff's claim for benefits. (*Id.* 34–60, 65–68, 76–81).

At the hearing on April 26, 2012, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 19–29). In assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the analysis, the ALJ determined that Plaintiff could perform the full range of light work as defined in C.F.R. §§ 404.1567(b) and 416.967(b) but could not perform past relevant work. (*Id.* 23–28). However, at step five of the analysis—after considering Plaintiff's age, education, work experience, and RFC—the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy. (*Id.* 29). Accordingly, the ALJ concluded that Plaintiff was not disabled. (*Id.*).

Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by the Appeals Council, rendering the ALJ's decision final and reviewable by this Court. (A.R. 5–9). Subsequently, on September 25, 2013, Plaintiff filed her Complaint (ECF No. 3) before this Court seeking a reversal of the ALJ's decision.

## II.  **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

determination of those portions of the Report and Recommendation to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### III. DISCUSSION

The sole argument Plaintiff raises in her Motion to Remand is that the ALJ erred in finding that Plaintiff had minimal mental impairment and was therefore able to perform the full range of light work. (Mot. to Remand 5:5–9:20, ECF No. 13). In support of this argument, Plaintiff asserts that the ALJ improperly rejected the opinion of Plaintiff's expert, Dr. Joseph White, who found that Plaintiff possessed more significant mental impairment. (*Id.*).

In the Report and Recommendation, Judge Hoffman found that the ALJ properly considered the entire record and provided specific, clear, and convincing reasons for finding that Plaintiff had minimal mental impairment. (Report and Recommendation 6:8–8:12, ECF No. 20). In her Objection, Plaintiff again argues that the ALJ's finding of minimal mental impairment was an error, and she asserts that this error resulted from the ALJ improperly relying on Plaintiff's failure to seek treatment for her depression prior to filing for public benefits. (Objection 4:6-6:19, ECF No. 21) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness.

Thus, the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that Dr. Brown's assessment of claimant's condition is inaccurate.") (citation omitted)).

However, Plaintiff conveniently fails to mention any of the other reasons articulated by the ALJ for finding that Plaintiff had minimal mental impairment, including: (1) Plaintiff's admission that her mental issues were well controlled with medication; (2) a good mental status exam showing "[h]er thought process was goal directed without thought block and no flight of ideas;" (3) the absence of any "history of hospitalization or suicide attempts, . . . homicidal or aggressive ideation[,] delusional thoughts, [or] auditory or visual hallucinations;" (4) a treating source indicating that Plaintiff's memory and her ability to pay attention and concentrate were intact; (5) a robust daily activity list inconsistent with her alleged impairment; (6) her failure to seek any mental health treatment after 2011; and (7) other evidence of Plaintiff's symptom magnification and malingering. (A.R. 21–28). Therefore, while the ALJ may have placed undue weight on Plaintiff's failure to get treatment before applying for disability, there is still substantial evidence supporting the finding that Plaintiff had minimal mental impairment. As noted above, the role of this Court on review is not to reweigh the evidence and arrive at an independent conclusion, but to determine whether the ALJ's findings were supported by substantial evidence and based on the proper legal standard. *Smolen*, 80 F.3d at 1279; *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Having reviewed the record, the Court agrees with the recommendation of Judge Hoffman and finds that the ALJ's determination regarding Plaintiff's minimal mental impairment was supported by substantial evidence and based on the proper legal standard. Accordingly, Plaintiff's Objection is without merit.

/ / /

IV. <u>**CONCLUSION**</u>

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 20) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF 13) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 15) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 29th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court